UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

```
_____
                                )
ROBERT S. CABACOFF,             )
                                )
          Plaintiff,            )
                                )
     v.                         )      CIVIL ACTION
                                )      NO. 16-11990-WGY
JOHN FITZGERALD WILLIS, ESQ.    )
                                )
          Defendant.            )
                                )
_____
```

YOUNG, D.J.                                      November 30, 2016

**MEMORANDUM OF DECISION**

## I.   INTRODUCTION

Plaintiff Robert S. Cabacoff ("Cabacoff") brings this action for monetary damages against Defendant John Fitzgerald Willis ("Willis") for alleged misconduct arising out of a foreclosure action in New Hampshire.  The complaint includes five claims: Intentional Misconduct (count 1), Abuse of Process/Malicious Prosecution (count 2), Intentional or Negligent Infliction of Emotional Distress (count 3), Breach of Federal Rule of Civil Procedure 11 (count 4), and Violation of Civil Rights (count 5).  Compl. ¶ 2, ECF No. 1.  On October 18, 2016, Willis moved to dismiss the complaint, Def.'s Mot. Dismiss Compl., ECF No. 7.  This Court entered an Order dismissing the complaint with prejudice on November 21, 2016.  Order of

Dismissal, ECF No. 19.  This memorandum sets forth the analysis undergirding the Court's decision.

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations, "enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Cabacoff's pro se status holds him to a less stringent standard, as "[a] document filed pro se is 'to be liberally construed,'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted), it nevertheless is not the job of the Court "to ferret out the adequacy of a plaintiff's pleaded allegations."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 76 (1st Cir. 2014).

### B. Intentional Misconduct

Cabacoff contends that Willis exhibited "intentional misconduct" by representing Wells Fargo in its attempted foreclosure on Cabacoff's property, despite knowing that the mortgage instruments were unreformed.  Compl. ¶ 30.  The very premise, however, that Wells Fargo engaged in illegal conduct in connection with Cabacoff's mortgage, was repeatedly rejected by Judge Barbadoro in the prior case, Cabacoff v. Wells Fargo Bank, N.A., No. 12-cv-56-PB, 2012 WL 5392545 (D. N.H. Nov. 5, 2012)

[2]

(dismissing entire complaint that alleged numerous violations of law by Wells Fargo in connection with Cabacoff's residential mortgage), aff'd No. 12-2344 (1st Cir. Jul. 22, 2013), and therefore cannot be the basis for a claim of misconduct. See also Cabacoff v. Wells Fargo Bank, N.A., 14-cv-00345-PB (D. N.H. Dec. 12, 2014) (dismissing all claims as barred by res judicata).

**C. Abuse of Process / Malicious Prosecution**

In count 2, Cabacoff asserts a claim of abuse of process or malicious prosecution, arguing that Willis's actions were an "attempt to conceal wrongful foreclosure improprieties." Compl. ¶ 37. Under Massachusetts state law, the tort of abuse of process requires that "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986) (citations omitted). Furthermore, "[t]o prevail on a claim for malicious prosecution, a plaintiff must establish that he was damaged because the defendant commenced the original action without probable cause and with malice, and that the original action terminated in his favor." Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261 (1961). Cabacoff acknowledges that Willis was not involved in the over three years of litigation prior to March 2, 2015. Accordingly, Cabacoff has failed to allege any civil action initiated or pursued for an

illegitimate purpose by Willis, and thus he has not adequately pleaded the essential elements of either claim under count 2.

### D. Intentional or Negligent Infliction of Emotional Distress

Cabacoff next advances a claim for intentional or negligent infliction of emotional distress.  Compl. ¶¶ 42-46. Massachusetts state law provides that in order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." Sena v. Commonwealth, 417 Mass. 250, 263-64 (1994). A negligent infliction of emotional distress claim requires: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Payton v. Abbott Labs, 386 Mass. 540, 577 (1982).

Cabacoff's mere recitation of the elements in his complaint is insufficient here.  Cabacoff was merely on the losing side of litigation and does not allege facts to suggest any more invidious conduct by Willis.  Losing a legal suit is an unexceptional happenstance that is insufficient to establish

[4]

"that a reasonable person would have suffered emotional distress under the circumstances," id., let alone that the conduct was "extreme and outrageous," Sena, 417 Mass. at 264.  Hence, Cabacoff has failed to plead a cognizable claim for count 3.

### E. Breach of Federal Rule of Civil Procedure 11

Rule 11 sanctions may be imposed when an attorney files "for an improper purpose or under circumstances in which a competent attorney, on objectively reasonable inquiry, could not have believed that the filing was grounded in fact and warranted either by existing law or by a good-faith argument."  Silva v. Witschen, 19 F.3d 725, 729 (1st Cir. 1994).  Here, Cabacoff claims that Willis knew of Wells Fargo's alleged "impropriety, either through case review or consultation with [Eckert Seamans] attorneys," yet proceeded with the case, creating a Rule 11 violation.  Mem. Law Supp. Denial Def.'s Mot. Dismiss Claims 8, ECF No. 13.  In light of the previous court's dismissal of Cabacoff's claims, the mere recitation of Rule 11 coupled with conclusory statements as to Willis's "mind set" are insufficient to establish a plausible basis for sanctions.

### F. Violation of Civil Rights

Finally, Cabacoff brings a claim for violation of his civil rights.  Compl. ¶¶ 50-52.  Neither the complaint nor Cabacoff's opposition to the motion to dismiss identifies a violation of a specific right secured by either state or federal law.  Thus,

even when liberally construed, there are no facts to support a plausible claim for an infringement upon Cabacoff's civil rights, and this Court must dismiss the claim.

**III.   CONCLUSION**

For the foregoing reasons, the Court's earlier order, ECF No. 19, GRANTED Willis's motion to dismiss, ECF No. 7.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE
